IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF ECKHARDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1297 |
| | § | |
| INTERNAL REVENUE SERVICE and PAUL J. MORGAN, | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Jeff Eckhardt, representing himself, sued the IRS, claiming that he paid $4,020.19 more than he owed for tax year 2013. In 2015, Eckhardt filed a claim with the IRS to recover the overpayment. He alleges that the IRS did not respond until 2017, when it told Eckhardt that the 2013 overpayment would be deducted from the taxes that he owed in the 2016 tax year. Eckhardt alleges that he never received the deduction or reimbursement of the overpaid amount.

Eckhardt filed this lawsuit in April 2021 against the IRS and Paul J. Morgan, an IRS agent, seeking a refund of his overpaid taxes and reimbursement for the costs of the tax-preparation professionals he paid to obtain that refund. Although the complaint is unclear, it appears to raise a negligence claim, a claim that the IRS violated the "Taxpayer Bill of Rights," and a claim for a refund under 26 U.S.C. § 7433.

Four months after filing his complaint, Eckhardt had not filed proof of service as to either defendant. The court ordered Eckhardt to show cause as to why the case should not be dismissed under Rule 4 of the Federal Rules of Civil Procedure for failure to timely serve the defendants. (Docket Entry No. 2). Eckhardt served the summons and complaint on September 7, 2021, on the IRS office in Memphis, Tennessee, and moved for default judgment three months later when the

IRS did not respond. (Docket Entries No. 4, 5). This court denied the motion, finding that Eckhardt had not properly effected service under Rule 4. (Docket Entry No. 6). Eckhardt attempted service again, this time serving an agent at the IRS office in Washington, D.C., and again moving for default judgment after the IRS did not respond to his complaint four months later. (Docket Entry No. 7, 8).

On May 20, 2022, the United States responded and moved to dismiss Eckhardt's complaint. (Docket Entries Nos. 9, 10). The United States argues that that Eckhardt still did not properly serve the defendants as required under Rule 4; that even if service was proper, the court lacks jurisdiction over his claims, requiring dismissal under Rule 12(b)(1); and that Eckhardt's complaint fails to state a claim, requiring dismissal under Rule 12(b)(6).

Based on the motions, the briefs, and the applicable case law, the court grants the government's motion to dismiss, Docket Entry No. 9, and denies Eckhardt's motion for default judgment, Docket Entry No. 8. Eckhardt's claims are dismissed with prejudice because amendment would be futile. The reasons are explained below.

**I.      The Legal Standards**

    **A.      The Motion to Dismiss for Insufficient Process and Service of Process**

The rules for serving process are intended to give defendants sufficient notice of an action filed against them. *See Goetz v. Synthesys Techs., Inc.*, 415 F.3d 481, 484 (5th Cir. 2005). A party may raise insufficient process or insufficient service of process by moving to dismiss under Rules 12(b)(4) or 12(b)(5). "When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (alteration omitted) (quotation marks omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple

inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quotation omitted).

A plaintiff can meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as prima facie evidence that service was properly effected. *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), aff'd sub nom. *Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010). "Unless some defect is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Id.*

B.   **Motion to Dismiss for Lack of Jurisdiction Under Rule 12(b)(1)**

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and

satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.,* 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104 F.3d at 1261.

### C. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

The court liberally construes pleadings by litigants representing themselves and applies less stringent standards than to parties represented by counsel. But a self-represented plaintiff's complaint must set forth facts giving rise to a claim on which relief may be granted. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln*

4

*v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would fail to state any valid claim for relief. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

D.    **Motion for Default Judgment Under Rule 55**

A plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence showing that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters.*, Ltd., No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu*, 515 F.2d at 1206. "Generally, the entry of default judgment is committed to the discretion of the district judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977)).

## II. Analysis

Eckhardt's claims must be dismissed because he has not properly served the defendants and because even with proper service, the court would lack jurisdiction over Eckhardt's claims. Eckhardt's claims are dismissed with prejudice because amendment would be futile.

### A. Insufficient Service

Eckhardt has failed to properly serve the IRS or IRS agent Morgan. As the court explained in its December 2021order denying Eckhardt's first motion for default judgment, to properly serve the IRS, Eckhardt needed to serve the summons and complaint on the U.S. Attorney for the district where the action is brought, on the United States Attorney General, and on the IRS. *See* Fed R. Civ. P. 4(i)(1). Eckhardt has submitted a process server's affidavit indicating that he provided service to an IRS employee in Washington, D.C. (Docket Entry No. 7). This does not comply with Rule 4. Eckhardt has not served the United States Attorney for the Southern District of Texas

6

or the Attorney General of the United States. And he has provided no evidence that he served Morgan. *See* Fed R. Civ. P. 4(i)(2) ("To serve a United States . . . employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee.").

Eckhardt's *pro se* status does not absolve his failure to effect proper service. The court has twice allowed Eckhardt time to cure his failures to properly serve the defendants. (*See* Docket Entries Nos. 2, 6). Eckhardt has had over a year since he filed this lawsuit to effect proper service. He has not done so. Dismissal is required under Rule 4.

**B.     Subject-Matter Jurisdiction**

Eckhardt has named the IRS and an IRS agent as defendants. Eckhardt's claims against the IRS must be dismissed. Not every federal agency can be named as a defendant in a federal lawsuit. The IRS is not a suable agency, because "Congress has not authorized the IRS to sue or to be sued." *Henry v. United States*, 277 F. App'x 429, 435 (5th Cir. 2008); *see also Greene v. IRS*, No. 1:08-CV-0280, 2008 WL 5378120, at *7 (N.D.N.Y. Dec. 23, 2008) ("No suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress has not authorized suit against the agency in its own name."); *Kish v. Rogers*, No. H-06-2389, 2008 WL 2463819, at *5 (S.D. Tex. June 16, 2008) ("The IRS is not an entity capable of suing or being sued."). The court does not have jurisdiction over Eckhardt's claims against the IRS.

The court also lacks jurisdiction over Eckhardt's claims against Morgan. Eckhardt's complaint does not specify whether he is suing Morgan in his official capacity as an officer of the IRS or in his personal capacity. None of the allegations in his complaint specifically describe any of Morgan's allegedly wrongful activities. The complaint is about the IRS's alleged failure to

return wrongfully collected taxes. To the extent that Agent Morgan was involved, it was in his official capacity as an IRS agent. "IRS employees acting in their official capacity may not be sued in their own name." *Swearingen v. Mnuchin*, No. 1:19-cv-00586, 2019 WL 4580942, at *2 (D. Or. July 30, 2019); *see also Powell v. Pedolsky*, No. CIV 00-689, 2001 WL 260053, at *1 (D. Ariz. Jan. 17, 2001); *We the People v. I.R.S.*, No. 95-297-CIV-ORL-22, 1996 WL 512382, at *2 (M.D. Fla. May 29, 1996). Instead, a suit against an IRS employee in his official capacity is essentially a suit against the United States. The IRS and its employees are properly dismissed from the case for this reason.

In similar circumstances when a plaintiff has sued the wrong parties, courts typically allow a plaintiff to amend his or her complaint to name the United States as the proper defendant. Here, however, any amendment would be futile. As a result, the dismissal is with prejudice and without leave to amend.

    **C.**    **Futility**

Eckhardt's complaint asserts three claims: a claim for a tax refund, a claim that the IRS violated the "Taxpayer Bill of Rights," and a claim for negligence. Even if the court allowed Eckhardt to amend his complaint to assert these claims against the United States, the court would lack subject-matter jurisdiction over any amended claims.

First, the court would lack jurisdiction over Eckhardt's negligence claim against the United States. The United States, "as sovereign, is immune from suit" unless it "consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has not waived its immunity as to Eckhardt's negligence claim. The False Tort Claims Act waives sovereign immunity and gives federal courts jurisdiction over claims against the United States for personal injury damages, only if the government employee who caused the plaintiff's injury was acting in

8

the scope of his or her employment at the time of the injury. *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (citing 28 U.S.C. § 1346(b)). The FTCA's sovereign immunity waiver, however, does not apply to "[a]ny claim arising in respect of the assessment of collection of any tax." 28 U.S.C. § 2680(c). The § 2680(c) exemption "applies to *all* tax-related claims." *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 307 (5th Cir. 1985), *cert. denied*, 475, 1081 (1986). Section 2680(c) bars Eckhardt's negligence claim because it is tax-related, and so the United States has immunity.

Second, Eckhardt seems to allege a claim for a tax refund under 26 U.S.C. § 7422. He appears to rely on 28 U.S.C. § 1346(a)(1), which gives federal courts jurisdiction over civil actions under § 7422 for claims against the United States seeking a refund for taxes alleged to have been erroneously or illegally assessed. Section 7422(a) provides that no suit for a refund can be maintained until the taxpayer has exhausted his or her administrative remedies. *See also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("[A] taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government."). Once administrative remedies are exhausted, a taxpayer may file a claim in court within two years "from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

Eckhardt has alleged that he paid the assessed tax in 2013, and that he filed administrative claims for refunds using a Form 1040X on three occasions—in 2015, 2018, and 2019. Eckhardt alleges that he did not receive a response to his 2015 refund claim, but he did receive a response nine months after he submitted his refund claim in 2018. Eckhardt does not explain what the

response was. (Docket Entry No. 1, at 4). Eckhardt did get a response in 2019 to his refund claim filed in that year.

Eckhardt attached to his first motion for default judgment a March 7, 2019, letter from the IRS responding to his 2019 refund claim. (Docket Entry No. 5, at 5). That letter states:

> WE CAN'T ALLOW YOUR CLAIM. We disallowed your claim for credit for the tax period listed at the top of this letter. . . . You filed your claim more than 3 years after you filed your tax return. . . . If you don't agree with our decision, you can file suit to recover tax, penalties, or other amounts, with the United States District Court that has jurisdiction or with the United States Court of Federal Claims. . . . The law gives you 2 years from the date of this letter to file suit.

(*Id.*).

On May 22, 2019, Eckhardt's accountant responded to the IRS's letter. She wrote:

> I am writing in today to request a small dollar case appeal. My client, Jeffery D. Eckhardt, was denied the claim for a refund for his 2013 amended tax return due to the statute of limitations. However, there was $3,887 taken from 2016 & 2017 refunds and applied to 2013 that are not passed the statute of limitations. We are respectfully requesting the refund of the amounts taken from 2016 & 2017 refunds and applied to 2013.

(Docket Entry No. 5, at 7).

Even if Eckhardt filed refund claims in 2015, 2018, and 2019, and even if the IRS erred in determining that his 2019 refund claim was filed too late, Eckhardt's ability to seek relief in this court ended before he filed this lawsuit. The IRS denied Eckhardt's claim for a refund on March 7, 2019. Eckhardt filed this lawsuit more than two years later, on April 20, 2021. (*See* Docket Entry No. 1). This court would lack jurisdiction under 28 U.S.C. § 1346 because Eckhardt filed his refund claim more than two years from the date of the IRS's notice letter.

Eckhardt alleges that an IRS agent "agreed" with his "respons[e] to [the] 2019 1040X filing proving [he] was within the time frame to recover tax over payment [*sic*]" and sent the refund request "back for processing." (Docket Entry No. 1, at 5). But even if the IRS agreed to reconsider

Eckhardt's claim, "actions by the IRS after it mails the notification of disallowance will not extend the [statute-of-limitations] period." *Killingsworth v. United States*, 110 F. App'x 376, 378 (5th Cir. 2004) (citing 26 U.S.C. § 6532(a)(4)); *see also* 26 U.S.C. § 6532(a)(4) ("Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."). This two-year "limitations period may not be waived because it is jurisdictional." *Killingsworth*, 110 F. App'x at 378. Eckhardt cannot amend his complaint to assert a claim under § 7422 against the United States, because the statute of limitations to do so has expired.

Finally, Eckhardt's "Taxpayer Bill of Rights" claim fails. The Taxpayer Bill of Rights is an IRS publication that provides "each and every taxpayer" with "a set of fundamental rights that they should be aware of when dealing with the IRS," including "the right to be informed," "the right to quality service," and "the right to challenge the IRS position and be heard." *See* IRS, *Taxpayer Bill of Rights*, https://www.irs.gov/taxpayer-bill-of-rights. The Taxpayer Bill of Rights "did not grant new enforceable rights," and does not confer any individual cause of action. *Facebook Inc. v. Internal Revenue Serv.*, No. 17-CV-06490-LB, 2018 WL 2215743, at *13 (N.D. Cal. May 14, 2018); *see also United States v. Pieron*, No. 1:18-CV-20489, 2021 WL 2413335, at *8 (E.D. Mich. June 14, 2021). "As explained by the Office of the Taxpayer Advocate, '[t]he Taxpayer Bill of Rights groups the existing rights in the tax code into ten fundamental rights, and makes them clear, understandable, and accessible.'" *Pieron*, 2021 WL 2413335, at *8 (citation omitted). Similarly, 26 U.S.C. § 7803(a)(3) of the Internal Revenue Code, which "directs the Commissioner of Internal Revenue to ensure that IRS employees are familiar with taxpayer rights," does not provide an individual cause of action or waive sovereign immunity. *Dockens v.*

*United States*, No. 1-15-CV-2761-SCJ, 2018 WL 3949707, at *2 (N.D. Ga. Jan 18, 2018); *United States v. Gordon*, Case No. 3:18-CV-00734, 2019 WL 6640289, at *8 (W.D. Ky. Dec. 5, 2019).

Instead, a private cause of action against the United States exists under 26 U.S.C. § 7433 to seek damages based on the actions of any officer or employee of the United States who negligently acts in disregard of the tax code "in connection with any collection of Federal tax." 26 U.S.C. § 7433(a); *see also Pieron*, 2021 WL 2413335, at *9 (noting that "the remedy that the Internal Revenue Code provides for violations of the Code and Treasury Regulation is a civil action for damages" under 26 U.S.C. § 7433(a)). Eckhardt's current allegations fail to state a claim under § 7433 and there are no allegations suggesting that Eckhardt could state a plausible claim under § 7433 if given the chance to amend.

First, "to pursue a civil action under Section 7433, a plaintiff must allege that Defendants violated a statute or regulation in connection with the collection of her taxes." *Malone v. Dep't of the Treasury*, 2020 WL 3642266, at *4 (W.D. Ky. July 6, 2020). Even assuming that there are statutes or regulations codifying the rights that Eckhardt alleges the IRS breached (the right to be heard, the right to be informed, and the right to challenge the IRS position), Eckhardt has not alleged any basis to infer that an IRS employee was negligent "in connection with any collection of Federal tax." 26 U.S.C. § 7433(a). Additionally, to assert a claim for damages under § 7433, a plaintiff must exhaust "the administrative remedies available . . . within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). To exhaust administrative remedies, a taxpayer must submit a claim "in writing" to the IRS detailing the "grounds . . . for the claim," "a description of the injuries incurred by the taxpayer," and the "dollar amount of the claim." 26 C.F.R. § 301.7433–1(e)(2). Eckhardt does not include allegations supporting an inference that he exhausted his administrative remedies, as necessary to pursue a § 7433 claim.

Section 7433 claims must also be asserted within two years "after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); *see also* 26 C.F.R. § 301.7433-1(g) (a cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action"). This dispute is about taxes collected in 2013 or 2014. Because Eckhardt cannot plausibly allege that an IRS agent violated the tax code in the collection process within the deadline, any effort to amend to assert a § 7433 claim would be futile.

### III.   Conclusion

Eckhardt's motion for default judgment, Docket Entry No. 8, is denied. The government's motion to dismiss, Docket Entry No. 9, is granted. Eckhardt's claims are dismissed with prejudice. Final judgment is entered by separate order.

SIGNED on July 7, 2022, at Houston, Texas.

                                                                              _____
                                                                                            Lee H. Rosenthal
                                                                                  Chief United States District Judge